JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Cheyanne Fluck

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel S. Orlow, Console Mattiacci Law Offices
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

## DEFENDANTS

Scott Limerick LLC
Duke Scott LLC

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 2000gg-1(1) et seq.; 43 P.S. § 951, et seq.

Brief description of cause:
Plaintiff was discriminated because of her sex and pregnancy.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 10/27/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Royersford, PA 19468

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cheyanne Fluck | : | CIVIL ACTION |
| v. | : | |
| Scott Limerick LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 10/27/2026 | [signature] | Plaintiff, Cheyanne Fluck |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHEYANNE FLUCK**<br>Boyertown, PA 19512<br><br>***Plaintiff,***<br><br>v.<br><br>**SCOTT LIMERICK LLC**<br>82 Buckwalter Road, Building 100<br>Royersford, PA 19468<br><br>and<br><br>**DUKE SCOTT LLC**<br>82 Buckwalter Road, Building 100<br>Royersford, PA 19468<br><br>***Defendants.*** | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Cheyanne Fluck ("Plaintiff"), brings this action against her former employers, Scott Kia of Limerick, Scott Limerick LLC, and Duke Scott LLC (collectively, "Defendants"). Defendants discriminated against Plaintiff because of her sex and pregnancy, including, without limitation, by subjecting her to a hostile work environment, terminating her employment, demoting her, and failing to provide her with a reasonable accommodation for her pregnancy. Defendants also retaliated against Plaintiff for engaging in protected activity and seeking a reasonable accommodation for her pregnancy. Defendants failed to remedy or prevent the discriminatory, hostile, and retaliatory work environment to which Plaintiff was subjected, and ultimately caused Plaintiff to resign her employment.

Plaintiff now brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pregnant Workers Fairness Act, 42 U.S.C.

§ 2000gg-1(1) et seq. ("PWFA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other available statutory relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Cheyanne Fluck, is an individual and citizen of the Commonwealth of Pennsylvania. She resides in Boyertown, PA 19512.

2. Plaintiff is a female.

3. Defendant Scott Limerick LLC maintains a principal place of business at 82 Buckwalter Road, Building 100, Royersford, PA 19468.

4. Defendant Duke Scott LLC maintains a principal place of business at 82 Buckwalter Road, Building 100, Royersford, PA 19468.

5. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendants acted as a single employer, joint employers, and/or alter egos of each other.

7. Defendants, for purposes of Plaintiff's employment, are interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise. Defendants collectively caused the actions complained of herein.

8. Defendants share common ownership, personnel policies, procedures, and employment practices.

9. At all times material hereto, Defendants employed fifteen (15) or more employees.

10. At all times material hereto, Defendants acted by and through their authorized

agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11. At all times material hereto, Defendants, collectively and individually, acted as employers within the meaning of the statutes which form the basis of this matter.

12. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

13. The causes of action which form the basis of this matter arise under Title VII, the PWFA, and the PHRA.

14. The District Court has jurisdiction over Count I (Title VII) and Count II (PWFA) pursuant to 28 U.S.C. § 1331.

15. The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this District Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

17. On or about March 17, 2025, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination and retaliation alleged herein. Plaintiff's PHRC Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

18. On or about August 4, 2026, the EEOC issued Plaintiff a Notice of Right to Sue for

her Charge of Discrimination. Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff began working at Defendants in July 2024.

21. Plaintiff last held the position of Mechanic.

22. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

23. Plaintiff last reported to Matthew Hanshaw (male), Service Manager.

24. Hanshaw reported to Steve Lamonica (male), General Manager, and Steve C. (male), General Manager.

25. Plaintiff was the only female employee directly reporting to Hanshaw out of approximately ten (10) employees.

26. Plaintiff was the only female Mechanic employee at Defendants out of about eight (8) Mechanic employees.

27. On November 18, 2024, Plaintiff told Hanshaw that she was pregnant, and that she wanted to continue working.

28. Hanshaw stated that he would figure out what they could do.

29. On November 21, 2024, in a meeting with Hanshaw, Plaintiff showed him her doctor's note, which stated that she was pregnant and requested certain lifting and chemical restrictions along with regular breaks as reasonable accommodations for her pregnancy.

30. Plaintiff was able to perform her job duties with the requested accommodation for

her pregnancy.

31. On November 22, 2024, in a meeting with Hanshaw, Defendants terminated Plaintiff's employment, effective immediately.

32. The stated reason for Plaintiff's termination was that she was a liability because she was pregnant.

33. On November 22, 2024, following the above, in a phone call with Steve C., Plaintiff complained that Defendants terminated her employment because of her pregnancy. He stated that he would figure out a way to move forward.

34. On November 22, 2024, following the above, in a text message from Steve C., Defendants reinstated Plaintiff, effective November 25, 2024.

35. On November 25, 2024, upon arriving to work, Hanshaw sent Plaintiff home and prevented her from working that day.

36. On November 26, 2024, Defendants demoted Plaintiff from Mechanic to Valet.

37. Hanshaw falsely stated that Plaintiff could not do her Mechanic position because she was pregnant.

38. On November 26, 2024, in a text message to Hanshaw, Plaintiff stated that she had her first ultrasound the next day in connection with her pregnancy, and that she would need to leave work early on November 27, 2024.

39. Plaintiff received no response to her above text message.

40. On November 27, 2024, Plaintiff left work early for her ultrasound in connection with her pregnancy.

41. Plaintiff was treated differently and worse and in a more hostile and dismissive manner than male employees were treated.

42. Plaintiff's performance was unjustly criticized.

43. Plaintiff was yelled at.

44. Plaintiff was micromanaged.

45. Hanshaw told employees that he did not like Plaintiff.

46. Plaintiff was prevented from going on breaks.

47. On December 3, 2024, in a text message to Hanshaw, Plaintiff sent him her doctor's note, stating that she was pregnant and requesting the updated reasonable accommodations for her pregnancy of not lifting twenty-five (25) pounds or more or doing tire rotations, and asking to be moved back into her Mechanic position.

48. Plaintiff was able to perform her job duties with the requested reasonable accommodation for her pregnancy.

49. Plaintiff received no response to her above text message or reasonable accommodation request or request to be placed back in her Mechanic position.

50. On December 3, 2024, in a text message to Steve C., Plaintiff sent him her doctor's note, stating that she was pregnant and requesting the updated reasonable accommodations for her pregnancy of not lifting twenty-five (25) pounds or more or doing tire rotations, and asking to be moved back into her Mechanic position.

51. Plaintiff received no response to her above text message or reasonable accommodation request or request to be placed back in her Mechanic position.

52. On December 16, 2024, in a meeting with Hanshaw, he pressured Plaintiff to resign from her employment with Defendants. He stated that he had no respect for her and that he was going to either transfer her to a different location, which was an hour away from her house, or change her job title, resulting in a significant pay cut.

53. Plaintiff stated that he was treating her worse than her coworkers, all of whom were male. Plaintiff asked if she was going to be placed back in her Mechanic position.

54. Hanshaw said no, and that she would not be moved back into the shop. He stated that he could not see her changing oil when she was seven (7) months pregnant.

55. When Plaintiff told him that she would resign, Hanshaw smiled and said, "good."

56. On December 16, 2024, following the above, Plaintiff resigned from her employment with Defendants due to the sex and pregnancy discrimination and retaliation to which she was subjected and Defendants' failure to reasonably accommodate her for her pregnancy.

57. Before Plaintiff informed Defendants of her pregnancy, she had no indication that her job was in jeopardy.

58. Plaintiff had no disciplinary or performance issues throughout her employment.

59. Plaintiff was not placed on any progressive discipline before Defendants terminated her employment and/or demoted her.

60. Plaintiff was the only employee reporting to Hanshaw who was terminated on November 22, 2024.

61. Plaintiff's sex, her pregnancy, and her requests for a pregnancy-related accommodation were each substantial, determinative, and or motivating factors in Defendants' discriminatory and retaliatory treatment of her, including terminating her employment, subjecting her to a hostile work environment, removing her from the position of mechanic, refusing to accommodate her pregnancy-related restrictions, and pressuring her to resign.

62. Plaintiff's Complaint of discriminatory treatment was a substantial, determinative, and/or motivating factor in Defendants' continued refusal to allow Plaintiff to work as a mechanic with restrictions as well as Defendants' continued pressure for her to resign.

63. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## **COUNT I - TITLE VII**

64. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

65. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

66. Said violations were done with malice and/or reckless indifference to Plaintiff's federally protected rights and warrant the imposition of punitive damages.

67. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

## **COUNT II - PWFA**

70. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

71. By failing to provide a reasonable accommodation for Plaintiff's pregnancy-related accommodation, Defendants have violated the WPFA.

72. Said violations were done with malice and/or reckless indifference to Plaintiff's federally protected rights and warrant the imposition of punitive damages.

73. As a direct and proximate result of Defendants' violations of the PWFA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

74. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

75. No previous application has been made for the relief requested herein.

## COUNT III - PHRA

76. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

77. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

78. Said violations were intentional and willful.

79. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

80. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

81. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) declaring the acts and practices complained of herein to be in violation of Title VII and the PWFA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory, retaliatory, and unlawful misconduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures;

(g) awarding punitive damages to Plaintiff under Title VII;

(h) awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i) awarding Plaintiff costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j) granting such other and further relief as this Court may deem just, proper, or equitable.

**CONSOLE MATTIACCI LAW, LLC**

Dated: October 27, 2026

By: *<u>/s/ Daniel S. Orlow</u>*
Daniel S. Orlow, Esquire
CONSOLE MATTIACCI LAW, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Telephone: (215) 545-7676
Facsimile: (215) 405-2900

# Exhibit 1

Received
MAR 17 2025
PA Human Relations Commission Philadelphia

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

COMPLAINANT:

**CHEYANNE KORINNA HALLMAN FLUCK**

v.

RESPONDENTS:

**SCOTT KIA OF LIMERICK**

and

**SCOTT LIMERICK LLC**

and

**DUKE SCOTT LLC**

Docket No. 202401769

1. The Complainant herein is:

Name: Cheyanne Korinna Hallman Fluck

Address: [redacted]
Boyertown, PA 19512

2. The Respondents herein are:

Names: Scott Kia of Limerick; Scott Limerick LLC; Duke Scott LLC

Address: 82 Buckwalter Road, Building 100
Royersford PA, 19468

3. I, Cheyanne Korinna Hallman Fluck, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and pregnancy and retaliated against

because of my engaging in protected activity and my seeking reasonable accommodation for my pregnancy, as set forth below.

**Discrimination and Retaliation**

**A. I specifically allege:**

[1] I began working at Respondents in July 2024.

[2] I last held the position of Mechanic.

[3] I consistently performed my job duties in a highly competent manner and received positive feedback.

[4] I last reported to Matthew Hanshaw (male), Service Manager. Hanshaw reported to Steve Lamonica (male), General Manager, and Steve C_______ (male), General Manager.

[5] I was the only female employee directly reporting to Hanshaw out of ten (10) employees.

[6] I was the only female Mechanic employee at Respondents out of eight (8) Mechanic employees.

[7] On November 18, 2024, I told Hanshaw that I was pregnant, and that I wanted to continue working. Hanshaw stated that he would figure out what they can do.

[8] On November 21, 2024, in a meeting with Hanshaw, I showed him my doctor's note, which stated that I was pregnant and requested certain lifting and chemical restrictions along with regular breaks as reasonable accommodations for my pregnancy.

[9] I was able to perform my job duties with the requested reasonable accommodations for my pregnancy.

[10] On November 22, 2024, in a meeting with Hanshaw, Respondents terminated my employment, effective immediately. The stated reason was that I was a liability because I was pregnant.

[11] On November 22, 2024, following the above, in a phone call with Steve C_______, I complained that Respondents terminated my employment because of my pregnancy. He stated that he would figure out a way to move forward.

[12] On November 22, 2024, following the above, in a text message from Steve C_______, Respondents reinstated me, effective November 25, 2024.

[13] On November 25, 2024, upon arriving to work, Hanshaw sent me home and prevented me from working that day.

[14] On November 26, 2024, Respondents demoted me from Mechanic to Valet. Hanshaw falsely stated that I could not do my Mechanic position because I was pregnant.

[15] On November 26, 2024, in a text message to Hanshaw, I stated that I had my first ultrasound the next day in connection with my pregnancy, and that I would need to leave work early on November 27, 2024.

[16] I received no response to my above text message.

[17] On November 27, 2024, I left work early for my ultrasound in connection with my pregnancy.

[18] I was treated differently and worse and in a more hostile and dismissive manner than male and/or nonpregnant employees were treated.

[19] My performance was unjustly criticized.

[20] I was yelled at.

[21] I was micromanaged.

[22] Hanshaw told employees that he did not like me.

[23] I was prevented from going on breaks.

[24] On December 3, 2025, in a text message to Hanshaw, I sent him my doctor's note, stating that I was pregnant and requesting the updated reasonable accommodations for my pregnancy of not lifting twenty-five (25) pounds or more or doing tire rotations, and asking to be moved back into my Mechanic position.

[25] I was able to perform my job duties with the requested reasonable accommodations for my pregnancy.

[26] I received no response to my above text message or reasonable accommodation request or request to be placed back in my Mechanic position.

[27] On December 3, 2025, in a text message to Steve C_______, I sent him my doctor's note, stating that I was pregnant and requesting the updated reasonable accommodations for my pregnancy of not lifting twenty-five (25) pounds or more or doing tire rotations, and asking to be moved back into my Mechanic position.

[28] I received no response to my above text message or reasonable accommodation request or request to be placed back in my Mechanic position.

[29] On December 16, 2024, in a meeting with Hanshaw, he pressured me to resign from my employment with Respondents. He stated that he had no respect for me and that he was going to either transfer me to a different location, which was an hour away from my house, or change my job title, resulting in a significant pay cut. I stated that he was treating me worse than my coworkers—all of whom were male. I asked if I was going to be placed back in my Mechanic position. Hanshaw said no, and that I would not be moved back into the shop. He

stated that he could not see me changing oil when I was seven (7) months pregnant. When I told him that I would resign, Hanshaw smiled and said, "good."

[30] On December 16, 2024, following the above, I resigned from my employment with Respondents due to the sex and pregnancy discrimination and retaliation to which I was subjected and Respondents' failure to reasonably accommodate me for my pregnancy.

[31] Before I informed Respondents of my pregnancy, I had no indication that my job was in jeopardy.

[32] I had no disciplinary or performance issues throughout my employment.

[33] I was not placed on any progressive discipline before Respondents terminated my employment and/or demoted me.

[34] I was, to my knowledge, the only employee reporting to Hanshaw who was terminated on November 22, 2024.

[35] I was, to my knowledge, the only employee reporting to Hanshaw who was demoted on November 26, 2024.

[36] I was, to my knowledge, the only employee reporting to Hanshaw who was pressured to resign on December 16, 2024.

[37] Respondents failed to accommodate me for my pregnancy.

[38] Respondents failed to engage in an interactive process to determine what accommodations were necessary and/or reasonable for my pregnancy.

[39] Respondents failed to investigate my pregnancy discrimination complaint.

[40] Respondents failed to remedy or prevent the sex and pregnancy discrimination and retaliation to which I was subjected.

[41] Respondents assigned my job duties and responsibilities to male and/or nonpregnant and/or noncomplaining employees. I was more qualified to perform my job duties and responsibilities than the male and/or nonpregnant employees and/or noncomplaining to whom my job duties and responsibilities were assigned.

[42] Respondents terminated my employment because of my sex and/or pregnancy and/or anticipated maternity leave and/or my engaging in protected activity.

[43] Respondents prevented me from working upon my reinstatement because of my sex and/or pregnancy and/or anticipated maternity leave and/or my engaging in protected activity.

[44] Respondents demoted me because of my sex and/or pregnancy and/or anticipated maternity leave and/or my engaging in protected activity.

[45] Respondents subjected me to a hostile work environment because of my sex and/or pregnancy and/or anticipated maternity leave and/or my engaging in protected activity.

[46] Respondent's sex and pregnancy discriminatory and retaliatory comments and conduct toward me has caused me emotional distress.

**B.** Respondents have discriminated against me because of my sex (female) and pregnancy and retaliated against me because of my engaging in protected activity and seeking reasonable accommodations for my pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pregnant Workers Fairness Act, H.R. 2617-1626, 117th Cong. § 103(1), *et seq.* ("PWFA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

X **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): (a); (d)**

____ Section 5.1 Subsection(s) ____________________

____ Section 5.2 Subsection(s) ____________________

____ Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) ____________________

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

X **This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

3/14/25
(Date Signed)

(Signature) Cheyanne Korinna Hallman Fluck
[redacted]
Boyertown, PA 19512

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 8/4/2026

**To:** Cheyanne Korinn Hallman Fluck
[redacted]
Boyertown, PA 19512

Charge No: 17F-2025-60573
EEOC Representative and email: State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough 8/4/2026

Karen McDonough
Deputy District Director

cc: Susan Smith Lloyd
Hendrzak & Lloyd
3701 Corporate Parkway, Suite 100
Center Valley, PA 18034

Daniel S Orlow Esq.
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Please retain this notice for your records.